Ruth Elpern, Plaintiff, *v.* Jay Lasser, Defendant.

City Court of New York, Bronx County, January 27, 1931.

*Harry Gair*, for the plaintiff.

*Donald Fowler*, for the defendant.

Donnelly, J. It is a just and wholesome rule that no verdict should be set aside by the trial judge merely because he does not agree with the result reached by the jury. This is especially and emphatically so where the evidence heard by the jury is conflicting, or, if in practical harmony upon essentials, it may be susceptible of different inferences dependent upon the weight to be given to the claims advanced by one having such an interest in the result as the plaintiff. If, in such circumstances, the trial judge set aside the verdict, it could plausibly be asserted that he was actuated by the very sentiment of sympathy or prejudice by which he suspected the jury had been swayed in reaching their conclusions. But, where it is impossible to reconcile the verdict with a fair consideration of the evidence, a situation is presented which calls for the exercise by the trial judge of the power conferred upon him by section 549 of the Civil Practice Act. There may be some basis for defendant's contention that the evidence shows no present impairment of plaintiff's capacity freely and normally to use her right ankle. A careful review of the record leads me to the opinion that the weight of the evidence establishes an impairment, still existing, of the injured ankle's function. Be that as it may, and conceding the jury were correct in holding a contrary view; conceding, further, the jury were justified in rejecting the testimony of the two physicians who testified for the plaintiff that she had

sustained a fracture of the right fibula and of the astragalus, and accepting the version of the single physician called by the defendant that there was a fracture of the astragalus only and none of the right fibula, it is not disputed that since June 8, 1926, plaintiff still experiences pain and swelling in the ankle as the result of *whatever* injuries she sustained in the accident and is still unable freely and normally to use the ankle when she swims, dances or plays tennis. At the time of the accident, plaintiff was twenty years of age, and she was then and at the time she testified herein, unmarried. The jury awarded the plaintiff $300. While there is no definite standard by which to measure with accuracy the compensation, in money, for these injuries and the consequent pain, suffering and deprivation, reasonable men, it seems fair to say, will agree that such a sum as the jury found on the record herein is inadequate.

Plaintiff's motion to set aside the verdict is granted, with an exception to defendant.